OPINION. Johnson, Judge: Although it does not specifically appear from the deficiency notice or other evidence, we assume from the parties’ contentions that in determining petitioner’s estate tax the Commissioner included in the value of the gross estate $69,439.70 representing the value of 1,000 shares of the Hard Guevara Co. Petitioner assails this determination, alleging that the corporation was dissolved under Mexican law prior to decedent’s death; that, as sole shareholder, decedent became the owner of its assets, which consisted entirely of real estate located in Mexico; that shares of the dissolved corporation had no value, and the value of “real property situated outside of the United States” is expressly excluded from gross estate by section 811, Internal Revenue Code. Respondent contends, to the contrary, that the corporation was not dissolved until its liquidation was completed and notice of its dissolution formally entered of record in the public registry, as required by law. Both parties introduced in evidence parts of the Mexican Code and the testimony of witnesses expert in Mexican law. Petitioner’s witness was of opinion that dissolution automatically occurred in 1934, because the corporation was not owned by five shareholders. He reasoned that by virtue of the 1934 amendment to the Commercial Code it was ipso facto dissolved, regardless of the fact that it was continued in operation, was not liquidated until 1944, and no record of dissolution was entered in the public registry. This witness, an American lawyer practicing in Mexico, could produce no judicial decisions or text books to support his view, and on cross-examination he admitted that it was “debatable.” Respondent’s principal witness, an American lawyer who has specialized for many years in Mexican law and has translated a compendium of Mexican legislation into English, was of opinion that the corporation was not dissolved until liquidation was completed and the proper record thereof had been entered in the public registry. Both witnesses discussed the effects of the constitutional inhibition against retroactivity of a law and of the statutory provision that an unregistered document for which registration is required is effective only between the parties and can not prejudice third persons. Section 811 requires that the value of the gross estate include the value of all decedent’s property at the time of death, “except real property situated outside of the United States.” To bring the Mexican real estate here in controversy within this exception, it is not enough to establish that the corporation was dissolved. It must affirmatively appear that decedent thereby acquired in the corporate lands an interest which can be properly classified as realty, and from the statutory provisions governing dissolution and liquidation in Mexico, as construed by respondent’s witness, it is clear that he did not. If we assume, arguendo, that the amendment of August 4, 1934, was applicable to commercial corporations which at and after its enactment had fewer than five shareholders and that the corporation was ipso faoto dissolved, dissolution did not operate to transfer ownership or to convey to decedent a more direct interest in assets than any shareholder normally has in corporate property. If the “managing members”.(shareholders), as required by law, had promptly delivered the assets to a liquidator empowered to “represent the society” and charged with a duty to sell its property, pay its obligations, and distribute the remainder among shareholders, even during this period of liquidation the corporation would have retained its “juridical personality” and decedent could not be said to hold any such direct interest in the corporate lands as to constitute realty, for “the liquidators can not be required by a member (shareholder) to pay over the entire amount of assets due him.” Distribution must be preceded by three published notices of the liquidator’s intent and approval thereof by all the shareholders. The liquidator would have held the land in trust for disposition and other purposes prescribed by law, and decedent’s right to participate in the ultimate distribution would have been personalty, not realty. Tait v. Dante (C. C. A., 4th Cir.), 78 Fed. (2d) 303; certiorari denied, 296 U. S. 614. As liquidation had not even been initiated when decedent died, the character of his interest was a fortiori personalty. The executrix so recognized by reporting shares, not real property, as an asset of the estate in the inheritance tax return filed with the Mexican Government; the Mexican probate court so recognized by adjudicating shares to the widow as sole heir, and the widow so recognized by initiating in 1944 the liquidation proceeding prescribed by statute. The corporation never lost its juridical personality and ownership of its real estate remained in it until formal transfer in the course of the statutory liquidation. Hence the decedent at the time of death owned not real estate but shares, and the Commissioner properly included their value in the gross estate. Cf. Anderson v. Wilson, 289 U. S. 20; John K. Brinckerhoff, 8 T. C. 1045. The parties are agreed that the Commissioner erroneously included in gross estate cash of $450, and proper adjustment should be made to eliminate that amount. Keviewed by the Court. Decision will be entered wnder Rule 50.